UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JACQUELINE LANUS                      CIVIL ACTION

VERSUS                                  NO. 17-1148-JWD-EWD

COREY W. RAKESTRAW, ET AL.

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Jacqueline Lanus as a result of a motor vehicle accident that occurred on or about November 10, 2016.[1] On October 17, 2017, Plaintiff filed a Complaint in this Court against Corey W. Rakestraw, Everest National Insurance Company and AMS Services, LLC, asserting that the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in dispute exceeds $75,000.[2] On October 18, 2017, the undersigned issued an Order giving Plaintiff ten days to file a comprehensive amended Complaint properly setting forth the amount in controversy and the citizenship particulars required to establish that the Court has diversity jurisdiction over this case.[3] On October 31, 2017, the undersigned granted Plaintiff an additional thirty days to comply with the October 18, 2017 Order.[4]

On November 30, 2017, Plaintiff filed a First Supplemental and Amending Complaint for Damages (the "Amended Complaint"), as ordered by the Court.[5] While the Amended Complaint

---

[1] R. Doc. 1 at ¶¶ 4 and 5.
[2] *Id*. at ¶ 2.
[3] R. Doc. 3.
[4] R. Doc. 8.
[5] R. Doc. 13.

properly alleges the citizenship of the parties,[6] the Amended Complaint contains the same allegations regarding Plaintiff's alleged damages as were contained in the original Complaint. Both pleadings contain the following allegations regarding the amount in controversy:

> 11.
> As a direct and proximate result of the above-described accident, Complainant has suffered injuries to her neck, back and other parts of the mind and body, with accompanying pain and has also incurred a loss of earnings and/or earnings [sic] capacity, medical bills, and the loss of the ability to provide services for herself that she would have otherwise provided.[7]

It is not apparent from the face of the Amended Complaint that Plaintiff's claims in this matter are likely to exceed $75,000. While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages. This Court has previously explained that when a plaintiff seeks recovery for broad categories of damages typically alleged in a personal injury action without providing any detail regarding the alleged injuries, "the Court is unable to quantify the potential amount of recovery for any of these categories with regard to any individual plaintiff." *Howland v. Fernandez*, Civ. A. No. 15-780-JJB-RLB, 2016 WL 3746171, at *3 (M.D. La. June 3, 2016) (amount in controversy not facially apparent where plaintiffs alleged serious personal injuries including pain and suffering, bodily injury, scarring, mental and emotional distress, mental pain, anguish and medical expenses).

---

[6] The Amended Complaint alleges that Plaintiff is domiciled in Louisiana, Everest National Insurance Company is incorporated in Delaware and has its principle place of business in New Jersey, AMS Services, LLC has three members, Andy Broadhead, Mark Duke and Stephen Usry, all of whom are domiciled in Mississippi, and Corey Rakestraw is domiciled in Mississippi. R. Doc. 13 at ¶ 3. With respect to Plaintiff, Rakestraw, Broadhead, Duke and Usry, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to Everest National Insurance Company, the Fifth Circuit has held, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). With respect to AMS Services, LLC, the Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[7] R. Doc. 13 at ¶ 11; *See*, R. Doc. 1 at ¶ 11.

Based on the foregoing, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met. *See*, *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Accordingly,

**IT IS HEREBY ORDERED** that Jacqueline Lanus shall have ten (10) days from the date of this Notice and Order to file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a). The supplemental memorandum shall be limited to ten (10) pages and shall specifically address whether the amount in controversy is satisfied in this case.

Signed in Baton Rouge, Louisiana, on December 1, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**